**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>Plaintiff,<br><br>- against -<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. 3:22-CV-00515-N |

**PLAINTIFF EXXON MOBIL CORPORATION'S OPPOSITION TO DEFENDANT'S PHASE TWO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Exxon Mobil Corporation ("ExxonMobil") submits this Opposition to Defendant's Phase Two Motion for Partial Summary Judgment (ECF No. 202).

**SUMMARY**

Following a week-long trial in April 2024, the Court concluded that ExxonMobil was "lawfully entitled to deduct interest expense" because the Al Khaleej Gas production payment "meets the statutory requirements of Section 636(a)" of the Tax Code.[1] There are two issues that were bifurcated from the merits phase and that remain for the court to decide: (i) the amount of the tax refund owed to ExxonMobil, and (ii) the validity of penalties paid by ExxonMobil in connection with the AKG production payment and the issues that were previously decided by the Court for the 2006 to 2009 tax years.

As ExxonMobil set forth in its memorandum of law in support of its summary judgment motion (ECF No. 206), ExxonMobil is entitled to summary judgment on three legal issues. First, with respect to the tax refund that is owed for the AKG production payment, federal tax law

[1] Findings of Fact and Conclusions of Law (ECF No. 191) at 1.

mandates that all the interest expense incurred by the partnership be allocated to ExxonMobil. Second, the penalties paid by ExxonMobil should be refunded—both with respect to the AKG production payment issue decided at trial, and the purchase versus lease and change in accounting method issues that were the subject of the 2006-2009 litigation. Finally, ExxonMobil is entitled to a refund of interest erroneously assessed and collected by the IRS. There are no genuine disputes as to any material fact bearing on these issues, and ExxonMobil is entitled to judgment as a matter of law.

In its own motion for summary judgment, Defendant seeks to negate the Court's prior ruling—arguing that ExxonMobil is entitled to zero tax refund, and that the government can refuse to return more than $180 million worth of penalties—even though ExxonMobil prevailed on the merits. Defendant introduces many arguments, and cites a number of inapplicable legal doctrines, but it cannot obscure the fact that the law, and the evidence admitted at trial, squarely establishes ExxonMobil's entitlement to a refund of taxes and erroneously assessed interest, and the return of penalties.

The basis of this Opposition is set forth in further detail in ExxonMobil's Memorandum of Law, and the Opposition is supported by an accompanying appendix, pursuant to Local Rule 56.4(a).

Dated: June 20, 2025

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ James P. Rouhandeh*

James P. Rouhandeh*
james.rouhandeh@davispolk.com
Antonio J. Perez-Marques*
antonio.perez@davispolk.com
Lara Samet Buchwald*
lara.buchwald@davispolk.com
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Sean Stefanik*
sean.stefanik@davispolk.com
1050 17th St. NW
Washington, DC 20036
(202) 962-7000
*Admitted *pro hac vice*

HOLLAND & KNIGHT LLP

Emily A. Parker
State Bar No. 15482500
emily.parker@hklaw.com
Mary A. McNulty
State Bar No. 13839680
mary.mcnulty@hklaw.com
Leonora S. Meyercord
State Bar No. 24074711
lee.meyercord@hklaw.com
Dina W. McKenney
State Bar No. 24092809
dina.mckenney@hklaw.com
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 964-9501 (Fax)

*Attorneys for Plaintiff*
*Exxon Mobil Corporation*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed and served electronically through ECF on June 20, 2025, on all counsel of record.

*/s/ James P. Rouhandeh*
James P. Rouhandeh